UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED M. ALAHI,<br><br>                              Plaintiff,<br><br>           -against-<br><br>NEW YORK CITY, NEW YORK; NY STATE;<br>NEW YORK CITY CORRECTION<br>DEPARTMENT; ERIC ADAMS, KATHY<br>HOCHUL,<br><br>                              Defendants. | 25-CV-9204 (VSB)<br><br>ORDER OF SERVICE |

VERNON S. BRODERICK, United States District Judge:

## I.       **Introduction**

Plaintiff Mohammed M. Alahi, who is currently held in the Otis Bantum Correction

Center ("OBCC"), a New York City Department of Correction ("DOC") jail on Rikers Island,

brings this action *pro se*, asserting claims of violations of his federal constitution rights under 42

U.S.C. § 1983, seeking damages.  He sues: (1) the City of New York; (2) the State of New York;

(3) the DOC; (4) former New York City Mayor Eric Adams; and (5) New York State Governor

Kathy Hochul.  The Court construes Plaintiff's complaint as asserting claims under Section 1983

and under state law.  Plaintiff has also filed an application for the court to request *pro bono*

counsel.  (Doc. 5.)

By order dated November 7, 2025, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  For the reasons discussed below,

the Court dismisses Plaintiff's claims against the State of New York and the DOC.  The Court

also drops, under Rule 21 of the Federal Rules of Civil Procedure, ("Rule 21"), Plaintiff's claims

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

against former Mayor Adams and Governor Hochul.  The Court further adds, under Rule 21, Correction Officer Cottle, "Correction Officer John Doe #1," and "Correction Officer John Doe #2" as defendants in this action.  The Court additionally requests that the City of New York and Correction Officer Cottle waiver service of summonses.  The Court directs the City of New York and Correction Officer Cottle to comply with Local Civil Rule 33.2.  The Court also directs the Corporation Counsel of the City of New York to provide to Plaintiff and the Court the identities and badge numbers of Correction Officer John Doe #1 and Correction Officer John Doe #2.  The Court further denies Plaintiff's application for the court to request *pro bono* counsel, (Doc. 5), without prejudice to Plaintiff's filing another such application at a later date.

## II.    Legal Standard

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## III.    Discussion

### A.    *The State of New York*

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 and under state law against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer,* 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields States and their agencies from claims for money damages,

injunctive relief, and retrospective declaratory relief. *See Green v. Mansour,* 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101–02 (1984).

The doctrine of Eleventh Amendment immunity also precludes a plaintiff from seeking, in federal court, relief under state law against a State or one of its agencies. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540–42 (2002); *Halderman*, 465 U.S. at 120-21; *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("Although the text of the [Eleventh] Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts, it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (internal quotation marks and citation omitted)).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.,* 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 40 (2d Cir. 1977). Thus, the Court dismisses Plaintiff's claims under Section 1983 against the State of New York because Plaintiff seeks monetary relief from a defendant that is immune from such relief, and also for lack of jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction"); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction"; holding that, under the Eleventh Amendment, the court lacked jurisdiction over the plaintiff's claims against a state agency). In addition, and for the same reasons, the Court dismisses any claims under state law that Plaintiff asserts against the State of New York. *See* § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

### B.    *The DOC*

The Court must dismiss Plaintiff's claims against the DOC.  In federal court, an entity's capacity to be sued is generally determined by the law of the State where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*.").  Under New York law, agencies of the City of New York cannot be sued in the name of the relevant agency, unless the law provides otherwise.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").  The DOC, which is an agency of the City of New York, does not have the power to sue and be sued in its own name.  *See* N.Y. City Charter ch. 25, §§ 621–27 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.,* 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis.").  The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted.  *See* § 1915(e)(2)(B)(ii). The Court treats the claims concerning the DOC as brought against the City of New York, which Plaintiff has also named as a defendant.

### C.    *Dropping and Adding Defendants Under Rule 21*

#### 1.    **Former Mayor Adams and Governor Hochul**

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, . . . drop a party."  Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  A court can, under Rule 21, drop a defendant from an action when the

plaintiff "alleges nothing about [that] named defendant[] and therefore has not stated a claim against [it] or shown that [it is] properly joined to th[e] action." *Ponce-Melendres v. Doe Orange Cnty. Jail Admin. Off.*, No. 20-CV-7710, 2020 WL 7343025, at *2 (S.D.N.Y. Dec. 14, 2020*); see Vang v. Valdese Weaver*, No. 25-CV-7150, 2025 WL 2988956, at *1 (S.D.N.Y. Sept. 12, 2025); *Calhoun v. Yonkers Police Dep't.*, No. 25-CV-4789, 2025 WL 2391450, at *2 (S.D.N.Y. Aug. 18, 2025); *Tanjucto v. NYLife Secs. LLC*, No. 23-CV-4889, 2024 WL 1258385, at *2 (S.D.N.Y. Mar. 25, 2024).

Plaintiff alleges nothing about former Mayor Adams or Governor Hochul.  It is clear to the Court that this action arises from injuries that, Plaintiff alleges, he sustained as a result of incidents that have occurred while he has been held in the OBCC, and that have nothing to do with former Mayor Adams or Governor Hochul.  The Court therefore drops, under Rule 21, former Mayor Adams and Governor Hochul as defendants in this action.

### 2.    Correction Officer Cottle and Unidentified Correction Officers

In addition, under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add . . . a party." Fed. R. Civ. P. 21.  "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York, No.* 25-CV-0284, 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.,* No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (second alteration in original)); *see Adams v. NYC Dep't of Corrs.,* No. 19-CV-5009 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).  That is so because a court may add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so. *See Fullewellen v. City of New York,* No. 21-CV-

7219, 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.,* 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

While Plaintiff does not name Correction Officer Cottle and two other unidentified correction officers as defendants in the caption of his complaint, he does seem to allege that they violated his federal constitutional rights.  (*See* Doc. 1 at 4.)  Thus, it is clear that Plaintiff intended to name Correction Officer Cottle and two other unidentified correction officers as defendants, but inadvertently failed to do so.  In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's complaint as asserting claims, under Section 1983 and under state law, against Correction Officer Cottle and two other unidentified correction officers.  Accordingly, the Court directs the Clerk of Court to add Correction Officer Cottle, unidentified "Correction Officer John Doe #1," and unidentified "Correction Officer John Doe #2" as defendants in this action, pursuant to Rule 21.  These amendments are without prejudice to any defenses these defendants may wish to assert.

### D.    *The City of New York and Correction Officer Cottle*

The Court directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order.  The Court requests that the City of New York and Correction Officer Cottle (a DOC Correction Officer assigned to the OBCC on January 13, 2025) waive service of summonses.

### E.    *Local Civil Rule 33.2*

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner

actions to respond to specific, court-ordered discovery requests, applies to this action.  Those

discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's

Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120

days of the entry date of this order, the City of New York and Correction Officer Cottle must

serve responses to those standard discovery requests.  In their responses, these defendants must

quote each request verbatim.[2]

### F.    *Unidentified Defendants*

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint,

Plaintiff supplies sufficient information to permit the DOC to identify the unidentified

defendants (Correction Officer John Doe #1 and Correction Officer John Doe #2).  It is therefore

ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent

of the DOC, must ascertain the identities and badge numbers of the abovementioned unidentified

defendants.[3]  The Corporation Counsel must provide this information to Plaintiff and the Court

within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint

naming the newly identified individuals as defendants and listing their badge numbers.  The

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

[3] If either unidentified defendant is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If either defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel must provide an address where that defendant may be served.

amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, request that the newly named defendants waive service of summonses and direct their compliance with Local Civil Rule 33.2.

### G.    *Application for the Court to Request Pro Bono Counsel*

The Court must deny Plaintiff's application for the court to request *pro bono* counsel. The IFP statute, 28 U.S.C. § 1915, provides that courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal actions, in civil actions, there is no requirement that courts supply indigent litigants with counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, courts have "[b]road discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation.  *Id.*  Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the United States Court of Appeals for the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel.  802 F.2d at 61–62.  Of course, the litigant must first demonstrate that he is indigent, for example, by successfully applying for leave to proceed IFP.  The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be

taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62; *see also Cooper,* 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin,* 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge,* 802 F.2d at 61.

Here, it is too early in the proceedings for the Court to assess the merits of this action. Thus, the Court cannot, at this stage of the litigation, consider abovementioned factors. Accordingly, the Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

### IV.    Conclusion

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against the State of New York, *see* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3), and against the DOC, *see* § 1915(e)(2)(B)(ii).

The Court drops, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), former Mayor Adams and Governor Hochul as defendants in this action.

The Court adds, under Rule 21, Correction Officer Cottle, and unidentified "Correction Officer John Doe #1" and "Correction Officer John Doe #2" as defendants in this action.

The Court directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York and Correction Officer Cottle (a DOC Correction Officer assigned to the OBCC on January 13, 2025) waive service of summonses.

The Court directs the City of New York and Correction Officer Cottle to comply with Local Civil Rule 33.2 within 120 of the entry date of this order.

The Court directs the Corporation Counsel of the City of New York to comply with the instructions listed above with regard to providing the identities and badge numbers of Correction Officer John Doe #1 and Correction Officer John Doe #2, pursuant to *Valentin*.

The Court denies Plaintiff's application for the court to request *pro bono* counsel, (Doc. 5), without prejudice to Plaintiff's filing another such application at a later date.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    January 21, 2026
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge